UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOSES JESUS DURON,

    Plaintiff,

    v.

KEVIN YAU, et al.,

    Defendants.

Case No. 15-cv-01908-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff Moses Jesus Duron, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 concerning Defendants' responses to his medical needs. His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

Plaintiff names the following Defendants: Licensed Vocational Nurses Kevin Yau and Neal; and Registered Nurse Joe Aguilar. Plaintiff seeks monetary damages.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons outlined below, the complaint is DISMISSED WITH LEAVE TO AMEND.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, Plaintiff asserts that Defendants responded inadequately to his medical needs by failing to provide him with methadone[1] for three days—from July 16, 2014 through July 18, 2014. Dkt. 1 at 3.

In support of his claim, Plaintiff asserts the following facts. On July 15, 2014, Defendant Yau informed Plaintiff that his "medication was expiring." *Id.* Plaintiff claims that he "went without" it for the next three days; however, Defendant Yau "signed for [Plaintiff's] methadone as if [Plaintiff] did in fact take it." *Id.* Meanwhile, Plaintiff claims that Defendant Neal "saw [Plaintiff] at the main clinic for the next 3 days"—from July 16 through 18—"trying to refill [Plaintiff's] medication because [he] was withdrawing without it." *Id.* At 5:30 p.m. on July 18, 2014, Defendant Aguilar contacted a physician "so [Plaintiff] could get [his] medication that night." *Id.* Plaintiff claims that he suffered "withdrawal symptoms that were extreme from not having [his] medication that was prescribed for [him]." *Id.* He adds that "[i]n addition to being sick for three weeks after [his] lower back hasn't been the same and [he is] in severe pain all the time." *Id.*

To prove that the response of prison officials to an inmate's medical needs was constitutionally deficient, the inmate must establish (1) a serious medical need and (2) deliberate indifference to that need by jail officials. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994).

---

[1] Plaintiff claims his medication is "methodone," which the incorrect spelling of his medication. Dkt. 1 at 3. The Court uses the correct spelling—methadone—in this Order.

1    Here, as explained below, the complaint fails to state a claim upon which relief may be
2    granted against any Defendant. Plaintiff must file an amended complaint to cure the deficiencies
3    discussed in this Order.

4    First, the complaint does not include any allegation that suggests deliberate indifference to
5    a "serious medical need" as defined under federal law. At most, Plaintiff's claim—that
6    Defendants failed to provide him with his medication for three days—amounts to negligence. It is
7    well-established federal law that a claim of medical malpractice or negligence is insufficient to
8    state a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th
9    Cir. 2004); *see, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in
10   claims stemming from alleged delays in administering pain medication, treating broken nose and
11   providing replacement crutch, because claims did not amount to more than negligence).

12   Negligence itself does not create a federal claim nor does is necessarily create a federal
13   question. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (To state a
14   claim arising under federal law, it must be clear from the face of Plaintiff's well-pleaded
15   complaint that there is a federal question.). Here, liberally construing Plaintiff's complaint as this
16   Court is required to do, see *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), Plaintiff's claims could
17   potentially state an Eighth Amendment violation *if* Plaintiff can sufficiently plead his allegations.
18   As mentioned above, to state a claim for "deliberate indifference" under the Eighth Amendment,
19   the Court must examine two elements: the seriousness of the prisoner's medical need and the
20   nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. At this time,
21   Plaintiff's current claim of negligence—stemming from a failure to provide methadone for three
22   days—is insufficient to amount to an Eighth Amendment violation. *See Toguchi*, 391 F.3d at
23   1060-61.

24   Second, even if it did, Plaintiff has not provided the Court with the sufficient information
25   necessary to determine whether an Eighth Amendment claim for relief has been stated against *any*
26   particular Defendant. A complaint that fails to state the specific acts of the defendant which
27   violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of
28   Civil Procedure. *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Plaintiff

3

claims that Defendant Yau, who was aware that Plaintiff's medication was expiring on July 15, 2014, falsely "signed for [Plaintiff's] medication." Dkt. 1 at 3. However, Plaintiff does not specify whether Defendant Yau made such a false report on just one day or on all three days that Plaintiff allegedly did not receive his medication. Even so, again, such a claim of an isolated incident of denial of Plaintiff's medication amounts at most to negligence, which does not violate a prisoner's Eighth Amendment rights. *Toguchi*, 391 F.3d at 1060-61; *Frost*, 152 F.3d at 1130. Next, Plaintiff claims that Defendant Neal examined Plaintiff during the three days he was without his medication and "tri[ed] to refill" it. Dkt. 1 at 3. Therefore, this action indicates that even though Defendant Yau filled out a false report that Plaintiff had taken his medication during those three days, Defendant Neal ignored such a report and still attempted to refill the expired prescription. Defendant Neal's actions do not amount to deliberate indifference because they show that he was helping Plaintiff by attempting to refill the prescription. Finally, Defendant Aguilar's helpful actions—i.e., contacting a doctor to prescribe Plaintiff's medication *and* giving Plaintiff access to his medication on the night of July 18, 2014—are far from amounting to a claim for deliberate indifference to his medical needs.

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted). A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. However, district courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

As explained above, Plaintiff has not stated a cognizable deliberate indifference claim against any of the named Defendants. Plaintiff will be granted leave to amend to correct the aforementioned deficiencies, if he can do so in good faith. In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Plaintiff must

4

1  write out a complete statement of his claim.  The Court notes that Plaintiff has attached several

2  grievances to his complaint apparently as a way to explain his problem.  However, the Court will

3  not read through exhibits to piece together a claim for a Plaintiff who has not pled one.  It is

4  Plaintiff's obligation to write out a complete statement of his claim in his amended complaint.

5        The Court reminds Plaintiff that liability may be imposed on an individual defendant under

6  section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a

7  federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of

8  Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional

9  right within the meaning of section 1983 if he does an affirmative act, participates in another's

10 affirmative act or omits to perform an act which he is legally required to do, that causes the

11 deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v.

12 Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent

13 Eighth Amendment violation may be basis for liability).  Sweeping conclusory allegations will not

14 suffice.   Plaintiff must instead "set forth specific facts as to each individual defendant's"

15 deprivation of protected rights.  *Leer*, 844 F.2d at 634.

16       Lastly, the Court stresses to Plaintiff that negligence by any Defendant in responding to

17 Plaintiff's medical condition, without more, does not violate a prisoner's Eighth Amendment

18 rights.  *Toguchi*, 391 F.3d at 1060-61; *Frost*, 152 F.3d at 1130.

19       Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be

20 provided with twenty-eight days in which to amend to correct the deficiencies in his complaint if

21 he can do so in good faith, as directed below.

**CONCLUSION**

23 For the foregoing reasons, the Court orders as follows:

24     1.    Plaintiff's complaint is DISMISSED with leave to amend in order to give him the

25 opportunity to amend to correct the aforementioned deficiencies of his deliberate indifference

26 claim against Defendants, as indicated above.  Plaintiff shall not allege only negligence by any

27 Defendant in responding to his medical condition because such a claim does not violate a

28 prisoner's Eighth Amendment rights.  *See Toguchi*, 391 F.3d at 1060-61; *Frost*, 152 F.3d at 1130.

2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 15-1908 YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

IT IS SO ORDERED.

Dated: October 7, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge